Chief Judge Cooke
(dissenting). I cannot join the majority in adopting the conclusion of the Appellate Division that the defendant property owner owed no duty to plaintiffs. I therefore dissent.
The Appellate Division said it had “grave doubt” that the property owner, Anthony Aurrichio, Inc., owed a duty to the plaintiffs. The evidence adduced at trial, however, was certainly sufficient to present a factual issue for the jury as to the existence of such a duty. There was ample evidence for the jury to conclude that the owner had both actual notice and constructive notice of sledding on the path that led to its driveway and parking lot. Plaintiff John Death testified that there was sledding “every time it snowed”. Ralph Milano, the driver of the car that collided with the plaintiffs, stated in a pretrial deposition introduced at trial that he had observed sledding “numerous times.” He testified at trial that he had brought this to Anthony Aurrichio’s attention “maybe once or twice.” In addition, as the Appellate Division itself noted, there was evidence that it was obvious that the path exited into the driveway and parking lot. In the face of the record here, it cannot be said as a matter of law that the accident was not foreseeable and that the owner owed no duty to take steps to prevent collisions between sledders and automobiles (see Scurti v City of New York, 40 NY2d 433; Basso v Miller, 40 NY2d 233). Nor am I persuaded that, as a matter of law, there were no precautions that could have been taken to prevent the accident.
Accordingly, I would reverse the order of the Appellate Division and remit to that court for a consideration of the facts.
Order affirmed, etc.